

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| | |
|---|---|
| **LETITIA JAMES**<br>ATTORNEY GENERAL | **BARBARA D. UNDERWOOD**<br>SOLICITOR GENERAL<br>DIVISION OF APPEALS & OPINIONS |

February 1, 2023

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Giordani v. U.S. Department of Justice*, No. 22-3223

Dear Ms. Wolfe:

  I write to advise the Court that the New York State Attorney General's Office does not currently represent the state defendant, and thus cannot appear as counsel or file an appellee's brief. *See* N.Y. Pub. Officers Law § 17(4) (requiring proper service of "summons, complaint, process, notice, demand or pleading" before defendant may request representation from the Office); N.Y. Exec. Law § 63(1). As explained further below, the defendant is not a party to the litigation; therefore this Court lacks personal jurisdiction over the defendant and it cannot rule adversely to the defendant.

  Accordingly, I respectfully request that you remove this Office as counsel and designate the defendant-appellee only as a defendant.

  The district court never authorized issuance of a summons, *see* Fed. R. Civ. Proc. 4, because it sua sponte dismissed the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). As a result, neither the State, nor its agencies, officials, or employees were served in accordance with the federal rules. Personal jurisdiction over the defendant was thus lacking in the district court: a defect this Office cannot cure because this Office lacks authority to—or here does not—waive proper service on a state defendant.

  Because personal jurisdiction over the defendant was not obtained in the first instance in the district court, this Court similarly lacks such jurisdiction over the

defendant and the defendant is not a party to this appeal.[1] Jurisdiction is neither conferred, nor any challenge to jurisdiction waived, by the Attorney General's receipt of notice of this appeal or by the filing of this letter affirmatively stating that this Court lacks jurisdiction over the state defendant and that this Office lacks authority to act on that defendant's behalf. *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) (general appearance contesting jurisdiction does not waive jurisdictional objections); *see also Vázquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 3 (1st Cir. 2014) (filing of notice of appeal by defendants, who challenged service of process in district court, did not create personal jurisdiction).

Moreover, because the Court lacks personal jurisdiction over the defendant, it may not rule adversely to that defendant, e.g., by concluding that the complaint does state a claim on which relief may be granted. Such a ruling would affect the defendant and, therefore, should not issue without affording notice and an opportunity to be heard; that is an "essential principle of due process." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). The Court may affirm the dismissal, however, because it has personal jurisdiction over the plaintiff.

Consistent with due process requirements, if the Court doubts the propriety of affirmance here, then it should vacate and remand—with directions for further proceedings consistent with the Court's order, including issuance of a summons if appropriate—on the ground that "a liberal reading of the complaint gives an[] indication that a valid claim might be stated," *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). Such a remand should be without prejudice to future dispositive motions, or to any other defense or argument that the defendant—who is not yet before the courts—may advance. *See, e.g., Encarnacion v. Goord*, 669 F. App'x 61, 62 n.2 (2d Cir. 2016) (vacating sua sponte dismissal and remanding "without prejudice to any dispositive motion that defendants may file after they have been served with the amended complaint"); *Dotson v. Fischer*, 613 F. App'x 35, 39 & n.3 (2d Cir. 2015) (same).

                                                             Respectfully yours,
                                                             */s/ Oren L. Zeve*
                                                             Oren L. Zeve
                                                             Managing Assistant Solicitor General

---

[1] *See Encarnacion v. Goord*, 669 F. App'x 61, 61 n.1 (2d Cir. 2016) ("The defendants were never served and, therefore, are not parties to this appeal."); *see also Petway v. N.Y. City Transit Auth.*, 450 F. App'x 66, 66 n.2 (2d Cir. 2011) ("Because the District Court dismissed [plaintiff's] complaint pursuant to 28 U.S.C. § 1915(e)(2) prior to its service on any defendant, no defendant has appeared in the case, either in the District Court or on appeal.").

cc: *by ECF*

P. DePaul
S. LeMaster

*by USPS first-class mail*

Alan Giordani
82-14 60th Road
Middle Village, NY 11379

Law Office of John Landers
62 Woodhaven Blvd
Queens, NY 11374